**Ray E. DAVIS, Plaintiff,**

v.

**Constantin COSTA–GAVRAS, Universal City Studios, Inc., and M.C.A. Inc., Defendants.**

**No. 83 Civ. 2539 (MP).**

United States District Court, S.D. New York.

Dec. 31, 1986.

---

See also, 619 F.Supp. 1372.

Robert Kasanof, Grais & Richards, New York City (Barry A. Bohrer, Lee Richards, Linda Cantoni, of counsel), for plaintiff.

Williams & Connolly, David E. Kendall, Steven A. Steinbach, Nicole K. Seligman, Washington, D.C., Irving Younger, Minneapolis, Minn. (Patterson, Belknap, Webb & Tyler, Eugene L. Girden, New York City, of counsel), for defendants Constantin Costa-Gavras, Universal City Studios, Inc., and MCA Inc.

## MEMORANDUM ORDERING HEARING PURSUANT TO FED.R.CIV.P. 43(e)

MILTON POLLACK, Senior District Judge.

Defendants have moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure in a defamation action brought against them by a public official.

Defendants are the makers of the film "Missing," released in 1982 and based on what took place shortly after the 1973 coup that overthrew the Allende government in Chile. The film dramatizes the abduction and disappearance of Charles Horman, an American living in Chile, and the effort to locate Horman by his father and his wife in the aftermath of his abduction.

"Missing" is largely based on the book *The Execution of Charles Horman: An American Sacrifice* written by Thomas Hauser. Hauser's book introduces and analyzes evidence which he meticulously collected: that Horman was arrested and then executed by the Chilean Military; that American State Department and Military officials stationed in Chile concealed significant facts from Horman's family, and failed adequately and promptly to act on Horman's behalf while there was still time

to help him; and that American officials possibly condoned the execution of Horman by the Chileans.

Plaintiff, Captain Ray Davis, served as the Commander of the United States Military Group in Chile at the time of the coup. *The Execution of Charles Horman* details that Davis was introduced to Charles Horman on September 15, 1973, four days after the coup, and subsequently participated in and headed the investigation into Horman's disappearance. The film "Missing" portrays a character named "Captain Ray Tower," an American military official in Chile, who investigates and handles the inquiry into the disappearance of Charles Horman.

Plaintiff concludes that "Missing" defames him by allegedly suggesting that he ordered or approved the murder of Charles Horman. The truth of the alleged defamation is not before the Court for consideration on this motion.

Defendants have moved for summary judgment claiming that there is no triable issue of actual malice, a central essential element of plaintiff's burden of proof.

Where there "is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law" summary judgment should be granted. Fed.R.Civ.P. 56(c).

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio,* —— U.S. ——, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Id.*

■ The First Amendment prohibits recovery by a public official of "damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made with 'actual malice'—that is, with knowledge that it was false or with reckless disregard of whether it was false or not." *New York Times Co. v. Sullivan,* 376 U.S. 254, 279–80, 84 S.Ct. 710, 725–26, 11 L.Ed.2d 686 (1964).

■ The "actual malice" standard set forth in *New York Times v. Sullivan* requires proof of a subjective "mental element" of knowing falsity or reckless disregard of falsity by a defendant. *Monitor Patriot Co. v. Roy,* 401 U.S. 265, 276, 91 S.Ct. 621, 627, 28 L.Ed.2d 35 (1971). To sustain a claim of recklessness, "[t]here must be sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication." *See St. Amant v. Thompson,* 390 U.S. 727, 731, 88 S.Ct. 1323, 1325, 20 L.Ed.2d 262 (1968).[1] "[R]eckless conduct is not measured by whether a reasonably prudent man would have published or would have investigated before publishing." *Id.* "[M]ere proof of failure to investigate, without more, cannot establish reckless disregard for the truth." *Gertz v. Robert Welch,* 418 U.S. 323, 332, 94 S.Ct. 2997, 3003, 41 L.Ed.2d 789 (1974); *accord, St. Amant,* 390 U.S. at 733, 88 S.Ct. at 1326.

■ A libel plaintiff who is a public official bears the burden of proving with affirmative evidence that is clear and convincing that defendant published a statement with actual malice. *Anderson v. Liberty Lobby, Inc.,* —— U.S. ——, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986).[2] There is "no genuine issue," and summary judgment is appropriate if the evidence propounded by plaintiff on the motion is "of

---

1. The film "Missing" is concededly a dramatization of the plight of the Horman family and not a documentary. However, evidence that a publisher has employed a literary license does not establish actual malice.

2. Plaintiff here also bears the burden of proving that the statement at issue is false in order to

prevail on a suit for defamation. *Philadelphia Newspapers, Inc. v. Hepps,* —— U.S. ——, 106 S.Ct. 1558, 1563, 89 L.Ed.2d 783 (1986) (public figure bears burden of proving falsity as element of libel claim, as does private figure plaintiff when speech concerns matter of public concern).

insufficient caliber or quantity to allow a rational finder of fact to find actual malice by clear and convincing evidence." *Id.*

Because actual malice is an essential element of plaintiff's claim, failure to show facts sufficient to raise a "genuine issue" as to publishing with knowing falsity or reckless disregard of falsity must result in a dismissal of the complaint pursuant to Rule 56. *Herbert v. Lando,* 781 F.2d 298 (2d Cir.1986) (granting defendants' motion for summary judgment because plaintiff was unable to tender sufficient evidence of actual malice); *Yiamouyiannis v. Consumers Union of the United States, Inc.,* 619 F.2d 932, 940 (2d Cir.), *cert. denied,* 449 U.S. 839, 101 S.Ct. 117, 66 L.Ed.2d 46 (1980) (same).

In the instant case plaintiff bears the ultimate burden of proving actual malice and must present "probative" and "affirmative" evidence on that issue in order to defeat defendant's motion for summary judgment. *Anderson v. Liberty Lobby,* 106 S.Ct. at 2514. The "nonmoving party [must] ... go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett,* — U.S. —, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

The plaintiff's answering papers leave it highly doubtful that the plaintiff can adduce affirmative evidence at a trial of actual malice on the part of the defendants. Absent such evidence, there is no genuine issue to be tried.

Instead, the plaintiff has propounded a laundry list of diversionary postulates, questions, bowdlerized deposition testimony, and general irrelevancies to the question to be addressed to warrant a trial. Plaintiff has spent far too long on the irrelevant, and too little time addressing the question at issue, that is, defendants' alleged publication of a statement with knowledge of its falsity, or reckless disregard of falsity. This merely delays and obfuscates consideration of the motion. Plaintiff's papers have succeeded in clouding the issues, but distorting the issues will not defeat a motion for summary judgment.

As it stands, it is obscure whether there is sufficient evidence to permit the conclusion that defendants in fact had actual knowledge of falsity or entertained serious doubts as to the truth of the alleged defamation. However, Rule 43(e) of the Federal Rules of Civil Procedure provides a procedural means, detached from mere semantic and extravagant allusions in papers, to test the actual existence of the requisite evidence. That Rule reads:

> When a motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or deposition.

■ Under Rule 43(e) oral testimony on Rule 56 motions may be had. "Rule 43(e) can be used to hear motions for summary judgment." *Argus v. Eastman Kodak Co.,* 801 F.2d 38, 42 n. 2 (2d Cir.1986), 612 F.Supp. 904, 908–09 (S.D.N.Y.1985) (Pollack, D.J.); *See also State of Utah v. Marsh,* 740 F.2d 799, 801 n. 2 (10th Cir. 1984) (Rule 43(e) is "applicable to motions for summary judgment"); 10A Wright, Miller & Kane *Federal Practice and Procedure* § 2723 at 61 (2d ed. 1983) (same).

■ Accordingly, a Rule 43(e) hearing will be held to focus on and flush out what, if any, essential evidence the plaintiff can adduce to warrant a trial. At this evidentiary hearing plaintiff should produce what he contends is the clear and convincing affirmative evidence of actual malice on defendants' part, including any reckless disregard of serious doubts of the truth entertained by defendants. The evidence at such hearing will provide a better basis for determining whether a trial is warranted than do the papers presently before the Court.

The hearing will be held on February 9, 1987 commencing at 10:00 A.M.

So Ordered.